IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NEUROCARE INSTITUTE OF ) <br> CENTRAL FLORIDA, P.A., a Florida ) <br> professional association, individually ) <br> and as the representative of a class of ) <br> similarly-situated persons, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> US CAPITAL ACCESS, INC. and ABE ) <br> NAZARI, ) <br> ) <br> Defendants. ) | No. 6:13-cv-1233-ORL-31-TBS <br><br> Judge Gregory A. Presnell |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES AND COSTS

Plaintiff, Neurocare Institute of Central Florida, P.A. ("Plaintiff"), pursuant to Fed. R. Civ. P. 55 (b), respectfully requests that this Court enter judgment in its favor and against Defendants, US Capital Access, Inc. and Abe Nazari ("Defendants"), jointly and severally, in the amount of $2,005.64 for statutory damages under the TCPA and Plaintiff's costs. Plaintiff further requests that the Court enter an order enjoining Defendants from further transmission of unsolicited facsimile advertisements. In support of its requests, Plaintiff states as follows:

### INTRODUCTION

1. On August 12, 2013, Plaintiff initiated this action seeking damages and injunctive relief from Defendants for an unsolicited facsimile advertisement sent by Defendants to Plaintiff in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the common law of conversion. (Doc. #1).

2. On September 18, 2013, Defendants, US Capital Access, Inc. and Abe Nazari, were each served with a summons and a copy of the Class Action Complaint. Exhibit A.

3. Defendants have never appeared or otherwise participated in this litigation. Defendant Abe Nazari was previously in contact with Plaintiff's counsel during September and October, 2013. In his conversations with Plaintiff's counsel, Defendant Abe Nazari revealed that he had hired a Canadian fax broadcaster to conduct fax advertising, but stated that he would not identify the broadcaster without a Court order compelling him to do so. Defendant Abe Nazari indicated in his conversations with Plaintiff's counsel that he had no intention of hiring counsel or appearing in this case.

4. On January 23, 2014, this Court entered default against both Defendants. (Doc. ##23-24).

## JURISDICTION AND VENUE

5. Plaintiff is a Florida professional association with its principal place of business in Winter Park, Seminole County, Florida. Exhibit B, Declaration of Edy Pineless, ¶ 3.

6. Defendant, US Capital Access, Inc., is a corporation with its principal place of business in Sherman Oaks, California. (Doc. 1).

7. Defendant, Abe Nazari, is an owner, officer, director, or shareholder of Defendant US Capital Access, Inc. Id.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

9. Venue is proper in the Middle District of Florida because Plaintiff resides within this district, Defendants committed a statutory tort within this district, and a significant portion of the events took place here.

## DAMAGES

10. The TCPA creates a private right of action and provides statutory damages of $500 per violation. 47 U.S.C. § 227 (b) (3) (B).

11. Further, 47 U.S.C. § 227 (b) (3) provides that: "if the Court finds that the defendant willfully or knowingly violated this subscription or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

12. Defendants sent a junk fax to Plaintiff without Plaintiff's prior express invitation or permission and without any established business relationship with Plaintiff. Exhibit B, ¶¶ 4-5, Ex. 1.

13. Plaintiff alleges that Defendants sent the subject faxes willfully and knowingly. (Doc. 1).

14. Therefore, Plaintiff is entitled to recover $1,500 for the junk fax Defendants sent to it.

15. Plaintiff requests that the Court award it $1,500 against Defendants for Defendants' violation of the TCPA.

## COSTS

16. A plaintiff may recover costs against a defendant who has been defaulted for not appearing. Fed. R. Civ. P. 55 (b) (1).

17. Here, Defendants were served on September 18, 2013. <u>Exhibit A</u>. To date, Defendants have not filed an appearance or otherwise participated in this litigation. The Court entered default against all Defendants on January 23, 2014. (Doc. ##23-24).

18. Plaintiff's counsel took this case on a contingency basis, and have invested a substantial amount of money into this litigation despite the risk that Plaintiff's claims would not succeed. <u>Exhibit C</u>, expense records of Plaintiff's counsel. Plaintiff requests that the Court award it $505.64 in costs against Defendants.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) enter a default judgment against Defendants, US Capital Access, Inc. and Abe Nazari, jointly and severally, in Plaintiff's favor, in the amount of $2,005.64 for statutory damages under the TCPA and Plaintiff's costs; (2) enter an order enjoining Defendants from sending advertisements by facsimile without prior express invitation or permission; and (3) award any and all other appropriate relief.

Dated: March 13, 2014                                   Respectfully submitted,

                NEUROCARE INSTITUTE OF
                CENTRAL FLORIDA, P.A.,

By:   /s/ Phillip A. Bock
      One of Plaintiff's attorneys

      Phillip A. Bock (Fla. Bar No. 93895)
      Bock & Hatch, LLC
      134 N. La Salle St., Ste. 1000
      Chicago, IL 60602
      Telephone: 312-658-5500

      Ryan M. Schmidt (Fla. Bar No. 95731)
      Law Offices of Jon B. Coats, Jr., P.A.
      1519 Dr. M.L.K., Jr. St. N
      St. Petersburg, FL 33704
      Telephone: 727-456-4462

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that, on March 13, 2014, he filed the foregoing using the Court's CM/ECF system, which automatically serves a copy of such filing to all counsel of record.  The undersigned further certifies that on March 13, 2014 he served a copy of the foregoing on the parties listed below by depositing the same in the U.S. Mail at 134 N. La Salle St., Chicago, IL 60602, with proper postage prepaid to the following addresses:

    US Capital Access, Inc.
    c/o Abe Nazari
    15357 Magnolia Blvd., #125
    Sherman Oaks, CA 91403

    Abe Nazari
    15357 Magnolia Blvd., #125
    Sherman Oaks, CA 91403

                                          /s/ Phillip A. Bock